UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SALIM SUKKAR, ET AL.                                CIVIL ACTION

VERSUS                                              NO. 15-245-SDD-EWD

STATE FARM FIRE AND
CASUALTY COMPANY

RULING ON MOTION FOR LIMITED STAY PENDING DISPOSITION OF MOTION
FOR REVIEW

Before the court is a Motion for Limited Stay Pending Disposition of Motion for Review[1]

(the "Motion for Limited Stay") filed by defendant, State Farm Fire and Casualty Company ("State

Farm").  Plaintiffs, Dr. Salim Sukkar and Renee Sukkar, individually and on behalf of the minor,

Taylor Tanoos (collectively, "Plaintiffs") have filed an opposition to the Motion for Limited Stay.[2]

For the reasons set forth herein, State Farm's Motion for Limited Stay[3] is **GRANTED IN PART**.

State Farm is granted an additional week, or until **August 8, 2016**, to respond to the discovery

requests as ordered by this court on June 15, 2016.[4]

I.      **Background**

On June 15, 2016, the parties participated in a motion hearing regarding, *inter alia*,

Plaintiffs' Motion to Compel.[5]  That same date this court granted the Motion to Compel in part

and ordered State Farm to submit its responses and documents to certain of Plaintiffs' discovery

requests on a rolling basis beginning as soon as possible and to be completed no later than forty-

---

[1] R. Doc. 49.  On July 25, 2016, the Motion for Limited Stay was referred to the undersigned.  As this motion is not
one of the motions excepted in 28 USC § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning
of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof.  *See*, *Boyd v.
Occidental Fire & Casualty Co. of North Carolina*, 2011 WL 4062383, at n. 1 (M.D. La. 9/13/11).
[2] R. Doc. 51.
[3] R. Doc. 49.
[4] R. Doc. 43.
[5] R. Doc. 23.

five days from the date of the order (*i.e.*, on or before August 1, 2016).[6]  On June 29, 2016, State Farm filed a Motion for Review of Magistrate's Order (the "Motion for Review").[7]  In its Motion for Review, State Farm argued that the magistrate judge's order granting the Motion to Compel should be reversed or, alternatively, that Plaintiffs' discovery requests should modified and narrowed.[8]

On July 1, 2016, State Farm filed the instant Motion for Limited Stay.[9]  In its Motion for Limited Stay, State Farm asserts that "[d]epending on the Court's disposition of the Motion for Review, absent a limited stay as to those parts of the Magistrate's Order that are subject to the Motion for Review, State Farm may find itself with no time (or extremely limited time) to comply with the Magistrate's Order (either as modified by the Court [if the modifications are broader than those suggested by State Farm in its Memorandum in Support], or as originally issued [if the Court denies the Motion for Review in its entirety])."[10]  State Farm therefore requests a "*limited* stay…as to those parts of the Magistrate's Order 'at issue' in the Motion for Review – essentially 'stopping the 45-day clock' as of the date of the filing of this Motion as to those matters."[11]

On July 22, 2016, the district court denied State Farm's Motion for Review.[12]  The instant Motion for Limited Stay was referred on July 25, 2016.

---

[6] R. Doc. 43.
[7] R. Doc. 47.
[8] R. Doc. 47.
[9] R. Doc. 49.
[10] R. Doc. 49, ¶ 6.
[11] R. Doc. 49, ¶ 7.
[12] R. Doc. 55.

## II.      Law and Analysis

Under Federal Rule of Civil Procedure 26(c), a "court may stay discovery for 'good cause.'" *Fujita v. U.S.*, 416 Fed. Appx. 400, 402 (5th Cir. 2011).  *See also*, *U.S. ex rel. Gonzalez v. Fresenius Medical Care North America*, 571 F.Supp.2d 766, 767 (W.D. Tex. 2008) ("A district court has discretion to stay discovery 'for good cause shown.'  Good cause may exist when the party from whom discovery is sought shows that it would suffer 'annoyance, embarrassment, oppression or undue burden or expense' absent a stay.")  "The burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *U.S. v. Garrett*, 571 F.2d 1323, n. 3 (5th Cir. 1978).

As the court understands State Farm's request, State Farm seeks to stop the "45-day clock" set forth in this court's June 15, 2016 order for responding to Plaintiff's discovery requests pending a ruling on State Farm's Motion for Review.  State Farm therefore seeks to suspend the running of its 45-day response period from July 1, 2016 (the date State Farm filed its Motion for Limited Stay)[13] until July 22, 2016 (the date the district court denied State Farm's Motion for Review).[14] Accordingly, while State Farm's responses to discovery requests would otherwise be due on August 1, 2016, State Farm's Motion for Limited Stay effectively seeks to add those 21 days back to its time period to respond.[15]  As "good cause" supporting its Motion for Limited Stay, State Farm asserts that disposition of the Motion for Review could result in a very short window of time to respond to Plaintiffs' discovery requests.

---

[13] R. Doc. 47.

[14] R. Doc. 55.

[15] R. Doc. 49, ¶ 7 ("So as to preserve sufficient time for State Farm to furnish additional discovery responses that may be necessary depending on the Court's disposition of the Motion for Review, State Farm respectfully requests a *limited* stay from the Court as to those parts of the Magistrate's Order 'at issue' in the Motion for Review – essentially 'stopping the 45-day clock' as of the date of the filing of this Motion as to those matters.") Adding 21 days to the date this court denied State Farm's Objection would give State Farm until August 12, 2016 to provide discovery responses.

Plaintiffs correctly point out that "courts have held that a magistrate judge's order regarding a nondispositive matter is not automatically stayed upon the filing of an objection." *Blessey Marine Services, Inc. v. Jeffboat, LLC*, 2011 WL 3349844, at *4 (E.D. La. Aug. 3, 2011) (collecting cases).  Accordingly, "the filing of an objection does not automatically stay a magistrate judge's discovery order.  In the absence of a stay, a party remains obligated to comply with such an order until and unless the order is set aside." *Id.*  (citing *Maness v. Meyers*, 419 U.S. 449, 460 (1975) ("…absent a stay, [a party] must comply promptly with the order pending appeal.")).  *See also*, *City of Holland v. Federal Ins. Co.*, 2014 WL 2557124, at * 1 (W.D. Mich. June 6, 2014) ("Plaintiffs' position is based on the unsupported and unsupportable assumption that the filing of objections to the magistrate judge's order on a nondispositive matter stays the order's operation. The law is precisely to the contrary.") (collecting cases).

As outlined above, this court granted the Plaintiffs' Motion to Compel in part on June 15, 2016.[16]  At the hearing on Plaintiffs' Motion to Compel, counsel for State Farm asked the court for 45 days to complete its responses to the discovery requests as ordered by the court, but agreed to produce the documents on a rolling basis.  State Farm did not request a stay of the court's order at the June 15, 2016 hearing.  Further, although State Farm knew it had only 45 days to comply with the court's June 15, 2016 order, State Farm did not file its Motion for Review or Motion for Limited Stay until some two weeks after this court's ruling on the Motion to Compel.[17]  State Farm never sought expedited consideration of its Motion for Limited Stay or its Motion for Review. Despite its delay in filing the Motion for Review and Motion for Limited Stay as well as its failure to request expedited review of either motion, the district court ruled on the Motion for Review

---

[16] R. Doc. 45.
[17] State Farm filed its Motion for Review fourteen days after this court's ruling on the Motion to Compel.  (R. Doc. 47).  State Farm filed its Motion for Limited Stay sixteen days after this court's ruling on the Motion to Compel. (R. Doc. 49).

twenty-three days after the Motion for Review was filed and within the original 45-day period for State Farm to submit its discovery responses.[18]  At the time of the district court's ruling on the Motion for Review, State Farm had ten days of the originally ordered 45-day period remaining to submit its discovery responses.  As of this Ruling, State Farm still has seven days of the initial 45-day period remaining.  State Farm has not made a showing that this remaining time would be insufficient to comply with the court's June 15, 2016 Order.

State Farm's only basis for seeking a limited stay is that it could be faced with a limited time within which to respond to Plaintiffs' discovery requests if its Motion for Review is unsuccessful.  As noted above, however, unless and until the district court modified or reversed this court's order regarding Plaintiffs' Motion to Compel, State Farm was obligated to produce documents on or before August 1, 2016.  This court does not find that such circumstances constitute good cause to warrant a limited stay of discovery, especially where State Farm delayed for two weeks (or more) before filing its Motion for Review or Motion for Limited Stay and did not seek expedited review of either.  That notwithstanding, State Farm argued in its Motion for Review that production of documents as ordered by the magistrate judge would be unduly burdensome and proposed a more limited production.  This court notes that such an argument (with accompanying support) could have been presented in the first instance in the context of Plaintiffs' Motion to Compel.[19]  Nevertheless, the court finds that because State Farm has now submitted at least some information to the court to establish that the June 15, 2016 Order may require State

---

[18] Similarly, the Motion for Limited Stay was referred to the undersigned on July 25, 2016 and this ruling was issued the same day.  Accordingly, despite State Farm's failure to request expedited review, it has enjoyed an extremely quick turn-around on its pending motions.

[19] Although State Farm asserted in opposition to Plaintiffs' Motion to Compel that Plaintiffs' requests were overbroad, it was not until State Farm's briefing in support of its Motion for Review that it specifically suggested potential modifications to the discovery requests that would narrow their scope and provided specific numbers regarding the amount of potentially responsive documents.  Even with its Motion for Review, State Farm has still failed, however, to submit any evidence to establish the alleged burdensomeness of Plaintiff's discovery requests.

Farm to produce a significant volume of documents,[20] it is not unreasonable to allow limited additional time for State Farm to respond to Plaintiffs' discovery requests.  Considering the fact discovery deadline of November 1, 2016,[21] the court finds that Plaintiffs will not be prejudiced by a seven (7) day extension of time for State Farm to respond to the discovery requests.

Accordingly, State Farm's Motion for Limited Stay Pending Disposition of Motion for Review[22] is **GRANTED IN PART**. In the Motion for Limited Stay, State Farm seeks to toll the 45-day time period to respond to Plaintiff's discovery requests while awaiting a determination of its Motion for Review and State Farm received that determination within 21 days of filing the Motion for Limited Stay.  The court thus construes the Motion for Limited Stay as seeking 21 days from the court's Order denying its objection to respond to Plaintiffs' discovery requests, or until August 12, 2016.

**IT IS ORDERED** that State Farm is **GRANTED** an additional seven (7) days, or until **August 8, 2016**, to respond to Plaintiffs' discovery requests as ordered by this court on June 15, 2016.

Signed in Baton Rouge, Louisiana, on July 25, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[20] R. Doc. 47-1 at p. 6 ("Reviewing the 'lifetime' of training materials for just the four (4) State Farm claims personnel whom the Plaintiffs have deposed (or have indicated an intention to depose) in this matter (Dedre Arceneaux, Eric Thibaut, Charlie Self and Shane Herrara) reveals approximately ***one thousand*** possible training event items – **and, again, not all of these materials will involve investigation or adjustment of property losses** (much less wind/hail roof damage claims). It is clear that the Magistrate's Order as to the relevance of this information, as well as the breadth of the Order, is in error and warrants review and reconsideration by this Court.")(Emphasis in original).
[21] R. Doc. 44.
[22] R. Doc. 49.