UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**SALIM SUKKAR, ET AL.**                                              **CIVIL ACTION**

**VERSUS**                                                            **NO. 15-245-SDD-EWD**

**STATE FARM FIRE AND
CASUALTY COMPANY**

### NOTICE AND ORDER REGARDING MOTION FOR MODIFICATION OF DISCOVERY ORDER AND FOR APPORTIONMENT OF COSTS

On August 1, 2016, a Motion for Modification of Discovery Order and for Apportionment of Costs[1] (the "Motion"), filed by defendant, State Farm Fire and Casualty Company ("State Farm"), was referred to this court. By its Motion, State Farm requests that the scope of documents to be produced pursuant to this court's June 16, 2016 Order[2] be modified, or, if not modified, that State Farm be granted an extension of the current August 8, 2016 response deadline and that costs of said production be apportioned pursuant to Fed. R. Civ. P. 26(c)(1)(B).

The court considers State Farm's Motion to be in substance a request for a protective order under Fed. R. Civ. P. 26(c). The Motion seeks relief pursuant to Fed. R. Civ. P. 26(c)(1)(B), which provides that a court may, for good cause, issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense" by "specifying the terms, including time and place or the allocation of expenses, for the disclosure or discovery." In requesting that the June 16, 2016 Order be modified, the Motion also seeks relief under Fed. R. Civ. P. 26(c)(1)(D) (allowing court to limit the scope of discovery to certain matters for good cause).

Fed. R. Civ. P. 26(c)(1) requires that a party seeking a protective order include in its motion "a certification that the movant has in good faith conferred or attempted to confer with other

---

[1] R. Doc. 57.
[2] R. Doc. 43.

1

affected parties in an effort to resolve the dispute without court action." State Farm's Motion does not include the required Rule 26(c) certification.

**IT IS ORDERED** that State Farm Fire and Casualty Company must confer with Plaintiffs and attempt to resolve the issues raised in its Motion for Modification of Discovery Order and for Apportionment of Costs.

**IT IS FURTHER ORDERED** that State Farm Fire and Casualty must submit the required Rule 26(c) certification on or before Friday, August 5, 2016. The Rule 26(c) certificate shall specifically set forth (1) how the conference was scheduled and agreed upon, (2) who participated in the conference, (3) when the conference took place, (4) whether the conference was conducted by phone or in person, (5) the duration of the conference, (6) the specific, itemized topics that were addressed at the conference, and (7) whether any issues were resolved by the parties, and, if so, the terms of the resolution.

State Farm Fire and Casualty Company is hereby **NOTIFIED** that the court will not consider its Motion for Modification of Discovery Order and for Apportionment of Costs until after the required certification is filed into the record. Notwithstanding the fact the parties have previously sought court intervention regarding the discovery requests at issue in the current Motion on multiple occasions, the court is confident that the parties, if they confer in good faith, will be able to resolve many, if not all, of the issues raised in State Farm's current Motion.

Signed in Baton Rouge, Louisiana, on August 2, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**