UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**SALIM SUKKAR, ET AL.**                                             **CIVIL ACTION**

**VERSUS**                                                                    **NO. 15-245-SDD-EWD**

**STATE FARM FIRE AND**
**CASUALTY COMPANY**

### NOTICE AND ORDER REGARDING RULE 35 MOTION FOR EXAMINATIONS AND MOTION FOR EXPEDITED CONSIDERATION

On October 14, 2016, State Farm Fire and Casualty Company ("State Farm") filed a Rule 35 Motion for Examinations seeking independent medical examinations ("IME") of plaintiffs, Renee Sukkar and Taylor Tanoos (the "Motion for IME")[1] and Motion for Expedited Relief.[2]

By State Farm's Motion for IME, State Farm asserts that both Renee Sukkar and Taylor Tanoos allege they have suffered bodily injuries due to mold-related exposure.[3] Accordingly, State Farm moves this court for an order requiring Renee Sukkar and Taylor Tanoos to "undergo evaluations and examinations by Dr. Douglas Swift of East Jefferson Hospital Occupational Medicine Clinic at his offices at 3601 Houma Boulevard, Suite 203, Metairie, Louisiana…at a time to be coordinated through counsel for the parties…."[4] While State Farm asserts that plaintiffs "sent a lengthy communication containing numerous objections to having plaintiffs, specifically Taylor Tanoos, appear before Dr. Swift at his offices in Metairie, Louisiana," State Farm's Motion

---

[1] R. Doc. 67.

[2] R. Doc. 68. State Farm seeks expedited consideration of the Motion for IME based on its expert report deadline of December 1, 2016. *See*, R. Doc. 68-1, p. 2 ("Expedited relief is sought because it will be necessary for the parties to coordinate dates for the examinations and evaluations of plaintiffs, Renee Sukkar and Taylor Tanoos, have the examinations and evaluations performed, and have Dr. Swift prepare and submit appropriate reports within the court's discovery deadline of December 1, 2016, as it pertains to defendant's expert discovery deadlines."). Alternatively, State Farm requests that this court "extend the deadline for providing an expert report to a date thirty days after the agreed upon examination dates." R. Doc. 67-1, p. 3.

[3] R. Doc. 67-1, pp. 1-2. *See also*, R. Doc. 1-3, ¶¶ 11-13.

[4] R. Doc. 67, ¶ 3.

for IME does not attach these communications nor does it provide further guidance regarding plaintiff's objections.  Further, while it appears based on State Farm's Memorandum in Support of its Motion for IME that plaintiffs have objected to traveling to Metairie for Dr. Swift's examination, it is not clear whether the parties have attempted to reach a reasonable resolution of that issue (such as apportioning costs of travel or allowing Dr. Swift's examination to take place at a different location).

**IT IS ORDERED** that State Farm must confer with plaintiffs and attempt to resolve the issues raised in its Motion for IME.

**IT IS FURTHER ORDERED** that State Farm must submit a Certification on or before Friday, November 11, 2016 specifically setting forth: (1) how the conference was scheduled and agreed upon, (2) who participated in the conference, (3) when the conference took place, (4) whether the conference was conducted by phone or in person, (5) the duration of the conference, (6) the specific, itemized topics that were addressed at the conference, and (7) whether any issues were resolved by the parties, and, if so, the terms of the resolution.

State Farm is hereby **NOTIFIED** that the court will not consider its Motion for IME until after the Certification is filed into the record.  The court is confident that the parties, if they confer in good faith, will be able to resolve many, if not all, of the issues raised in State Farm's Motion for IME.  In the event the parties are able to resolve all issues raised in the Motion for IME, State Farm shall file a Motion to Withdraw the Motion for IME.

Signed in Baton Rouge, Louisiana, on November 7, 2016 .

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**